IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) Civil Action No. 08 - 26 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) District Judge Joy |
| | ) Flowers Conti |
| JEFFREY A BEARD; WILLIAM STICKMAN; | ) Magistrate Judge Lisa |
| LOUIS S. FOLINO;  DAN DAVIS; | ) Pupo Lenihan |
| HARRY S. WILSON;  GREGORY J. | ) |
| SIMATIC;  LIEUTENANT KIRBY; | ) |
| LIEUTENANT FRANK;  SERGEANT | ) |
| MICHNIK;  OFFICER BIAGINI; | ) |
| OFFICER ROHRER;  OFFICER BASINGER; | ) |
| SERGEANT GAGNON;  OFFICER SANTI; | ) |
| R. WORKMAN;  MARY S. REESE; NURSE | ) |
| GRESS;  S. IREY;  R. TRETINIK | ) |
| MICHAEL HERBIK;  PRISON HEALTH | ) |
| SERVICES, INC.;  GARY LANCASTER, | ) |
| *U.S. District Judge;*  ROBERT C. | ) |
| MITCHELL, *U.S. Magistrate Judge,* | |
| | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motions to Dismiss (doc. nos. 67 & 79) be granted and that this Court's Order granting Plaintiff's motion to proceed in forma pauperis (doc. no. 2) be vacated, that Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

## II. **REPORT**

On January 7, 2008, Plaintiff, Alton Brown, a prisoner presently confined at the State Correctional Institution at Forest, located in Marienville, Pennsylvania, commenced the present action against forty defendants. On February 29, 2008, this Court granted the Plaintiff's Motion to Proceed In Forma Pauperis (IFP) in the current action (doc. no. 2). After Plaintiff filed a Second Amended Complaint, Defendants moved to dismiss this action under 28 U.S.C. § 1915(g) because Plaintiff has had at least three prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted (doc. nos. 67 & 79). Plaintiff was granted an opportunity to respond and filed three responses to Defendants' Motion (doc. nos. 72, 73 & 74). Consequently, this Court is required to review the Plaintiff's action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).[1]  As Defendants point out, court records indicate that the Plaintiff has had three prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in Brown v. Brierton, et al., Civil Action No. 91-CV-471 (M.D. Fla. 1991) (dismissing prisoner rights case for abuse of judicial process); Brown v. Brierton, Civil Action No. 92-2030 (11th Cir. 1992) (denying appeal of prisoner civil rights case because appeal was not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure as the case was dismissed without prejudice for Brown's abuse of the judicial process); Brown v. Barton, Civil Action No. 93-CV-45 (M.D. Fla. 1994)(denying

---

1.  The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g).  See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

appeal of prisoner civil rights case because not taken in good faith); Brown v. Federal Laboratories, Inc., Civil Action No. 89-507 (M.D. Fla. 1989) (dismissing claim as frivolous). Significantly, the Court of Appeals for the Third Circuit has denied Brown IFP status under this provision of the PLRA. *See, e.g.,* Brown v. Blaine, Civil Action No. 04-4618 (3d Cir. 2005) (denying Brown IFP status because he had three strikes and had not adequately alleged that he was under imminent danger of serious physical harm); Brown v. Blaine, Civil Action No. 03-2439 (3d Cir. 2004) (same).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, the Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which
> are about to occur at any moment or are
> impending.   By using the term "imminent,"
> Congress indicated that it wanted to include a
> safety valve for the "three strikes" rule to
> prevent impending harms, not those harms that
> had already occurred.   The imminent danger
> exception allows the district court to permit
> an otherwise barred prisoner to file a
> complaint I.F.P. if the prisoner could be
> subject to serious physical injury and does
> not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of the Plaintiff's allegations fail to indicate any imminent danger of physical injury caused by the Defendants' alleged misconduct when the action was filed.   Accordingly, Plaintiff's motion to proceed IFP should not have been granted under the three strikes rule in 28 U.S.C. § 1915(g).[2]

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendants' Motions to Dismiss (doc. nos. 67 & 79) be granted and that this Court's Order granting Plaintiff's motion to proceed in forma pauperis (doc. no. 2) be vacated, that Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the

---

2.  It is noted by the Court that the docket entries in this action show that no partial filing fees have been received for this action.

right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.


                                     /s/ Lisa Pupo Lenihan
                                     Lisa Pupo Lenihan
                                     U.S. Magistrate Judge


Dated: February 1, 2010

cc:  Alton D. Brown
DL-4686
SCI Graterford
Box 244
Graterford, PA 19426-0244