IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 08-26 |
| | ) |
| v. | ) District Judge Joy Flowers Conti |
| | ) |
| JEFFREY A BEARD; WILLIAM STICKMAN; LOUIS S. FOLINO; DAN DAVIS; HARRY S. WILSON; GREGORY J. SIMATIC; LIEUTENANT KIRBY; LIEUTENANT FRANK; SERGEANT MICHNIK; OFFICER BIAGINI; OFFICER ROHRER; OFFICER BASINGER; SERGEANT GAGNON; OFFICER SANTI; R. WORKMAN; MARY S. REESE; NURSE GRESS; S. IREY; R. TRETINIK; MICHAEL HERBIK; PRISON HEALTH SERVICES, INC.; GARY LANCASTER, *U.S. District Judge*; ROBERT C. MITCHELL, *U.S. Magistrate Judge*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

The above captioned case was initiated by the filing of a motion to proceed *in forma pauperis* ("IFP") (ECF No. 1) on January 7, 2008, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. Because the parties are thoroughly familiar with the extensive procedural history in this case, the court will highlight the posture of the case as it presently stands.

Pending before the court is the magistrate judge's March 25, 2010 memorandum order (ECF No. 88) denying the motion to reconsider (ECF No. 87) filed by plaintiff Alton D. Brown

("plaintiff"), which requests this court reconsider its March 5, 2010 order, Brown v. Beard, No. 08-26, 2010 WL 883717 (W.D. Pa. Mar. 5, 2010) (ECF No. 86), adopting the magistrate judge's report and recommendation filed on February 1, 2010 (ECF No. 84).[1]  On April 23, 2010, plaintiff filed a notice of appeal in the United States Court of Appeals for the Third Circuit (ECF No. 89).  This court did not have an opportunity to consider objections to the magistrate judge's memorandum order denying plaintiff's motion for reconsideration prior to the appeal because objections to the March 25, 2010 order were not filed until May 19, 2010.

On January 21, 2011, the court of appeals issued a *per curiam* opinion, In re Brown, No. 10-4544, 2011 WL 186200 (3d Cir. Jan. 21, 2011), in which it held plaintiff's request for a writ of mandamus was not warranted and directed this court, pursuant to Federal Rule of Civil Procedure 59(e), to rule on the pending objections to the memorandum order issued by the magistrate judge.  See Brown, 2011 WL 186200, at *1.[2]  The court explained that the magistrate judge's memorandum order should be construed as a report and recommendation because the parties did not consent to have the magistrate judge conduct the proceedings under 28 U.S.C. § 636(c).  Id.; see United States v. Polishan, 336 F.3d 234, 240 n.3 (3d Cir. 2003) (dispositive decisions by a magistrate judge under 28 U.S.C. § 636(b)(1)(B) are not final orders and must be accepted, rejected, or modified by the district court).  The court will therefore treat the magistrate judge's March 25, 2010 memorandum order as a report and recommendation to the court with respect to plaintiff's motion for reconsideration.

---

[1] The court's order adopting the report and recommendation vacated plaintiff's IFP status because he had "three strikes" under 28 U.S.C. § 1915(g) and he did not allege facts sufficient to satisfy the "imminent danger" exception to the three strikes rule.
[2] The court of appeals in Brown recognized plaintiff had "three strikes" and he did not satisfy the imminent danger exception. Brown, 2011 WL 186200, at **1-2.

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 313-14 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). With regard to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Id. at 314 n.3 (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In his objections plaintiff did not point to an intervening change in controlling law or the availability of new evidence not previously available. The court will therefore construe the motion for reconsideration as a request to correct a clear error of law or prevent manifest injustice. The obligations only raised the issue that the magistrate judge lacked authority to respond to plaintiff's motion for reconsideration.

After *de novo* review of plaintiff's motion for reconsideration, together with the report and recommendation, and the objections thereto, there was no clear error of law in the court's March 2, 2010 order or manifest injustice demonstrated. The court's March 5, 2010 order vacated plaintiff's IFP status, thereby requiring him to pay the $350 filing fee. Plaintiff did not raise any new facts or allegations with respect to his "three strikes," and did not show he is

facing imminent danger; at most, plaintiff alleges *prior* "physical and psychological" abuse by defendants that does not rise to the level of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Furthermore, there was no agreement among the parties to allow plaintiff to proceed IFP. (See Mem. Order (ECF No. 86) at 2.) In order to permit plaintiff an opportunity to pay the filing fee, the date for payment will be extended to sixty days from the date of entry of this order. Upon payment of the filing fee the case will be considered *reopened*. Under those circumstances, the case will be considered as commenced on the date of the original filing and no statute of limitations prejudice will be suffered by plaintiff due to the issuance of the March 5, 2010 order or this order. In order to reopen this case, plaintiff must pay the filing fee on or before the end of the additional sixty-day period. Accordingly, the following order is entered:

**AND NOW**, this 1st day of February, 2011;

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider (ECF No. 87) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff is granted an additional sixty (60) days from the date of entry of this order to pay the full $350.00 filing fee, and the court will treat that payment as a reopening of the case.

**IT IS FURTHER ORDERED** that the memorandum order of the magistrate judge dated March 25, 2010 (ECF No. 88), as supplemented by this memorandum order, is adopted as the opinion of the court.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc:  Alton D. Brown, DL-4686

SCI Graterford, Box 244
Graterford, PA 19426-0244